IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:23-CR-35

ZORRI RUSH

**FINDING OF NOT GUILTY ONLY BY REASON OF INSANITY**

On March 22, 2023, Zorri Rush was indicted on two counts of transmitting through interstate commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(c);[1] and one count of assaulting, impeding, intimidating, and interfering with an employee of the Social Security Administration engaged in the performance of official duties, in violation of 18 U.S.C. § 111(a). Doc. #1. Following the results of psychological evaluations of Rush,[2] Rush filed a notice "of his intention to assert an insanity defense at the time of the alleged offenses" and "to introduce expert evidence relating to [his] mental condition bearing on the issue of guilt." Doc. #34 at 1.

On January 9, 2024, the Court, acting on the parties' joint request to waive a jury trial and find Rush not guilty only by reason of insanity, held a non-jury trial pursuant to Rule 23 of the Federal Rules of Criminal Procedure. Docs. #38, #43. At trial, the parties waived their right to special findings in support of the verdict. The government entered into evidence, without

---

[1] Counts One and Two charged that such occurred on or about, respectively, January 3, 2023, and December 19, 2022. Doc. #1 at PageID 1.

[2] United States Magistrate Judge Jane M. Virden ordered the psychological evaluations regarding whether Rush "is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" and whether he "suffers from a mental disease or defect that affected his mental responsibility and culpability relating to the actions made basis of the present criminal [charges]; that is, whether [he] was legally insane at the time of the offense charged." Doc. #14 at PageID 23. The evaluation reports consist of a psychological evaluation of Rush's mental competency and a separate evaluation of insanity at the time of the charged offenses. Docs. #22-1, #22-2. On November 15, 2023, Judge Virden found Rush competent to stand trial. Doc. #28.

objection, the psychological reports of Dr. Alicia Gilbert, Forensic and Clinical Psychologist, based on her evaluations of Rush.[3]  Doc. #45; *see* Docs. #22-1, #22-2.  Dr. Gilbert also testified at trial.  Doc. #44.

In her report, after considering those points indicating Rush did know the wrongfulness of the acts charged and those points indicating Rush did not know the wrongfulness of the acts charged,[4] Dr. Gilbert opined that because "the factors indicating an intact knowledge of wrongfulness are outweighed by those indicating that he did not know the wrongfulness of his actions," Rush "was suffering from untreated symptoms associated with schizoaffective disorder at the time surrounding the alleged criminal behavior."  Doc. #22-2 at PageID 100–01.  At trial, Dr. Gilbert explained that her use of the word "outweighed" in the report for this opinion meant that she "strongly agree[d] that … his mental illness interfered with his ability to understand what was going on around him and to acknowledge that his behavior was wrong or even understand the consequences."[5]  No party challenges Dr. Gilbert's opinions and conclusions.

Under 18 U.S.C. § 4242, if the issue of insanity is raised by notice, the court in a non-jury trial is required to find the defendant "(1) guilty; (2) not guilty; or (3) not guilty only by reason of insanity."  A finding that the defendant is not guilty only by reason of insanity requires the defendant to prove by clear and convincing evidence that he was unable to appreciate the nature

---

[3] In her separate report on the insanity issue, Dr. Gilbert notes that "it is not a complete report of [Rush]'s evaluation and should be read in conjunction with the report that addresses his competency to stand trial."  Doc. #22-2 at PageID 92.  At trial, she confirmed her view that the competency report "can be very relevant" to the decision the Court will make regarding Rush's criminal responsibility.

[4] Her report articulates four points indicating Rush was aware of the wrongfulness of his conduct and seven points indicating his lack of awareness of wrongfulness.  Doc. #22-2 at PageID 100–01.

[5] Dr. Gilbert observed that "Rush reported significant improvement in his overall mental health since he started taking medication, but he continues to display mild delusional beliefs, slight paranoia, and guardedness."  Doc. #22-2 at PageID 101.  "It is [her] opinion that as long as he remains compliant with treatment-appropriate psychiatric medication, he should continue to make improvements and believe less in these delusional thoughts."  *Id.*  She further remarked that "it is imperative that he continue his medication treatment with no further breaks in his treatment," which "will require that he be monitored by a psychiatrist."  *Id.* at PageID 101–02.

and quality or the wrongfulness of his acts because of a severe mental disease or defect at the time he committed the crime. 18 U.S.C. § 17; *see United States v. Jones*, 601 F. App'x 297, 299 (5th Cir. 2015); *United States v. Williams*, 998 F.2d 258, 264 n.15 (5th Cir. 1993) (quoting 18 U.S.C. § 17)); *United States v. Valencia-Mendoza*, No. 19-CR-1077, 2020 WL 2198169, at *3 (W.D. Tex. May 6, 2020).

Having considered the trial evidence, the Court concludes that it meets the clear and convincing evidence standard to support the finding that at the time of the commission of the crimes charged in the indictment, Rush was unable to appreciate the wrongfulness of his alleged behavior. So the Court ultimately finds Rush not guilty only by reason of insanity. *United States v. Sam*, 467 F.3d 857, 863 (5th Cir. 2006) ("[T]he legal terminology used to refer to one who has committed wrongful acts, but lacks the mental capacity to understand their wrongfulness, is 'not guilty by reason of insanity.'").

Because the Court has found Rush not guilty only by reason of insanity, it is ORDERED:

1. Pursuant to 18 U.S.C. § 4243(a), Rush is committed to a suitable facility until such time as he is eligible for release.

2. In accordance with 18 U.S.C. § 4243(b), a psychiatric or psychological examination of Rush shall be conducted, and a report filed with this Court, pursuant to the provisions of 18 U.S.C. §§ 4247(b) and (c). As provided in §§ 4247(b) and (c), Rush shall be in custody for such evaluation no more than thirty (30) days and such evaluation shall specifically address whether Rush is suffering from a mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

3. The United States Marshals Service shall transport Rush to the medical facility designated by the United States Bureau of Prisons for the purpose of conducting the statutorily

required evaluation. Following such evaluation, Rush shall be returned to the Northern District of Mississippi so that a hearing can be conducted pursuant to 18 U.S.C. §§ 4243(c) and (d), and 4247(d).

**SO ORDERED**, this 16th day of January, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**